FILED & ENTERED

SEP 28 2018

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY tatum      DEPUTY CLERK

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>PLACEMARK PROPERTIES, LLC,<br><br>                      Debtor. | Case No. 2:18-bk-12964-RK<br><br>Chapter 7<br><br>**ORDER DENYING AVIS COPELIN'S MOTION ON BEHALF OF DEBTOR TO CONVERT CASE UNDER 11 U.S.C. §§ 706(a) OR 1112(a)** |

     Pending before the court is Debtor's Motion to Convert Case Under 11 U.S.C. §§ 706(a) or 1112(a) ("Motion") (Docket No. 59) filed on June 28, 2018. Having considered the motion, the court rules as follows:

1. The Motion is denied.
2. The Motion seeks to convert this case from one under Chapter 7 of the Bankruptcy Code, 11 U.S.C., to one under Chapter 11 of the Bankruptcy Code. "It has been the law for the better part of two centuries, for example, that a corporation may appear in the federal courts only through licensed

counsel." *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-202 (1993) (citations omitted); *In re America West Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994) ("Corporations and other unincorporated associations must appear in court through an attorney.") (citations omitted); Local Bankruptcy Rule 9011-2(a) ("A corporation, a partnership including a limited liability partnership, a limited liability company, or any other unincorporated association, or a trust may not file a petition or otherwise appear without counsel in any case or proceeding…") (emphasis added). The Motion was filed on behalf of Debtor by Debtor's principal, Avis Copelin, who is not a licensed attorney at law admitted to practice before this court, and thus, the filing of the Motion was improper because it was an appearance by a non-attorney for a limited liability company in this bankruptcy case in violation of Local Bankruptcy Rule 9011-2(a).  Accordingly, the court denies the Motion as procedurally improper because it violates the court's rules requiring business entities like Debtor to appear only through a licensed attorney at law.

3. The court also denies the Motion as procedurally improper because Debtor did not file and serve a notice of motion as required by Local Bankruptcy Rule 9013-1(c)(2) and (o).

4. Notice of motion and service of process are insufficient because Debtor did not serve all creditors with a notice of motion as required by Federal Rule of Bankruptcy Procedure 2002(a)(4).

5. The court also denies the Motion as procedurally improper because Debtor did not attach any evidence to support the motion.  Local Bankruptcy Rule 9013-1(c)(3)(A) and (i) requires that factual contentions involved in a motion must be supported by declarations and other written evidence.

6. The court also denies the Motion as procedurally improper because there is no proof of service of the motion, as required by Local Bankruptcy Rule 9013-

3.  A Proof of service for the Motion must be executed using court-mandated form F 9013-3.1.PROOF.SERVICE and must be attached as the last page of the document to be filed.  Local Bankruptcy Rule 9013-3(b) and (c).

IT IS SO ORDERED.  ###

Date: September 28, 2018

_____
Robert Kwan
United States Bankruptcy Judge

-3-